The opinion of the Court was delivered by
O’Neall, J.
This case has been the subject of much dis-. cussion, both at the Bar and on the Bench.
A conclusion has been at last attained, and I desire to announce it in as brief a way as I can. There is now no doubt, that a defendant in trespass quare clausum fregit, may justify his entry by showing title in himself. Muldrow ads. Jones, Rice, 64. This necessarily involves the plaintiff’s title, for he may reply to the defendant’s apparent title by showing a paramount title in himself, and may recover on the strength of his own title. This actually occurred on the subse *390 quent trial of Jones vs. Muldrow, Chev. 255; 1 Strob. 324, note. What is the legal effect of a verdict obtained for the plaintiff on such a trial of title ? The answer is, I think, given in Manigault vs. Deas, Bail. Eq. 293, where it is said, that “ a direct final judgment of a Court of competent jurisdiction, on the same subject-matter between the- same parties and privies in law or estate, is conclusive, and cannot be re-examined, in a subsequent original action in the same or any other Court.” This is not denied, but it is contended that a judgment cannot be conclusive, unless from the record, it appears to be the same matter, which was properly examinable before. This is true ! But is not that the case here ? The plaintiff alleged, that her possession had been violated by the forcible entry of the defendant. What might be put in issue ? The questions, 1st, Whether the defendant did commit the trespass, in fact ? and 2d, Whether the trespass was justified by paramount title in him 1 These issues being capable of being made, it becomes necessary to ascertain what was put in issue ? The record from its generality cannot show it. It is necessary to resort to proof of the fact, what was put in issue ? The case of Henderson vs. Kenner, 1 Rich. 474, most clearly shows, that this may be ascertained by parol. That was done here, and the question was upon the proof submitted to the jury, was the title in issue on the former trial ? The jury have answered it was, and the verdict being in favor of the plaintiff, it,follows, it seems to me, that that is conclusive.
The case of Kerr vs. Chess, 7 Watts, 367, proceeds upon the record alone, and it may be, and is, I have no doubt, often true, that the plea of liberum tenementum does not necessarily involve the title of the plaintiff to more than his possession. Eor although the defendant alleges, that he has the right to the freehold, it may be satisfied by showing, that he had the right to the possession by a lease from the plaintiff, or the plaintiff without questioning the defendant’s title, may show that he was entitled to possession under him. This very well *391 shows the propriety of the conclusion, in that case, that the record was not conclusive of the title.
But in this case the proof is, that the title was in issue and decided for the plaintiff. The defendant had it in his power to show, that notwithstanding he put the title in issue, that yet it was met and obviated by proof, showing that a right to the possession consistent with his title prevented it from having effect. So, too, it might have been shown, that notwithstanding his title, he had entered upon an actual possession, and had been guilty of such violence, as made him, notwithstanding his title, a trespasser ab initio ; and thus that the title was not decided. In Henderson vs. Kenner, 1 Rich. 482, Judge Evans put the very case before the Court. Speaking' of trespass quare clausum fregit, he asks, “ if the defendant were to justify under the general issue, as we decided he might, in Jones ads. Muldrow, Rice, 64, by showing he was the owner of the land, and the question of title thus made was decided by the jury, could not that be shown on the trial of a second action involving the title to the same land ? I apprehend it might.” When shown, what is the effect ? Judge Harper, in whose opinion Judge Johnson and myself concurred, answers in McDowall vs. McDowall, Bail. Eq. 330, “ that what the parties have once had the opportunity of litigating in the course of a judicial proceeding, they shall not draw into question again.” The verdict on the title in the former case concludes the defendant in this. The motion is dismissed.
Glover, Withers and Munro, JJ., concurred.
Wardlaw and Whitner, JJ., dissented.

Motion dismissed.